```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON
```

**JAMES ALFRED KING, III,**

    **Movant,**

v.                                **CRIMINAL NO. 2:02-00041-01**
                                       (Civil Action No. 2:03-0473)

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the Motion to Amend and Update Current Motion Under 28 U.S.C. § 2255 (docket sheet document # 63), filed by Movant on September 20, 2004. Based on previously filed Proposed Findings and Recommendation (# 60), and the Supreme Court's ruling in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), Movant asks that he be re-sentenced, without a two level upward adjustment for obstruction of justice which was attributable to his reckless endangerment of others during flight.

On April 2, 2004, the undersigned filed Proposed Findings and Recommendation that the presiding District Judge

> consider the new information concerning Defendant's parole revocation and the factual overlap with Defendant's offense of conviction, and determine whether defense counsel's failure to verify and challenge the information in the presentence report could have resulted in a different sentence (i.e., decide whether Defendant was prejudiced by the Court's reliance on erroneous information). If Defendant was prejudiced by the Court's reliance on the erroneous information, it is further

> **RECOMMENDED** that Judge Copenhaver grant Defendant's § 2255 motion as to that one claim only, and re-sentence Defendant. If, on the other hand, the Court concludes that the erroneous information had no effect on the sentence imposed and that Defendant suffered no prejudice thereby, it is **RECOMMENDED** that Judge Copenhaver deny Defendant's § 2255 Motion.

In the event that the presiding District Judge decides to grant the motion and to re-sentence Defendant, then the sentence should be imposed in conformity with United States v. Booker, which applied the holding in Blakely to the Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. The Booker holding applies "'to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" 125 S. Ct. at 769 (quoting Griffith v. Kentucky, 479 U.S. 314, 328 (1987)).

If the presiding District Judge decides not to grant the motion and not to re-sentence Defendant, then Defendant's case concluded direct review and was final as of approximately August 24, 2004. Thus Booker would not apply, unless the Supreme Court rules that it is to be applied retroactively to cases on collateral review.

Seven Circuit Courts of Appeals have ruled that Booker does

not apply retroactively to cases on collateral review. In McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir.), cert. denied, 125 S. Ct. 2559 (2005), the Court held:

> Although the Supreme Court did not address the retroactivity question in *Booker*, its decision in *Schriro v. Summerlin*, ___ U.S. ___, 124 S. Ct. 2519, 159 L. Ed.2d 442 (2004), is all but conclusive on the point. *Summerlin* held that *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed.2d 556 (2002) -- which, like *Booker*, applied *Apprendi*'s principles to a particular subject -- is not retroactive on collateral review.
>
> *Ring* held, in reliance on *Apprendi*, that a defendant is entitled to a jury trial on all aggravating factors that may lead to the imposition of capital punishment. In *Summerlin* the Court concluded that *Ring* cannot be treated as a new substantive rule -- which is to say, a rule that "alters the range of conduct or the class of persons that the law punishes." ___ U.S. ___, 124 S. Ct. at 2523. It observed that "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable [in a particular way], requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules." *Ibid.* That is no less true of *Booker* -- or for that matter *Apprendi* itself. We held in *Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002), that *Apprendi* does not apply retroactively on collateral review, because it "is concerned with the identity of the decisionmaker, and the quantum of evidence required for a sentence, rather than with what primary conduct is unlawful." That, too, is equally true of *Booker*. No conduct that was forbidden before *Booker* is permitted today; no maximum available sentence has been reduced.
>
> The remedial portion of *Booker* drives the point home. The Court held that the federal Sentencing Guidelines remain in force as written, although 18 U.S.C. § 3553(b)(1), which makes their application mandatory, no longer governs. District judges must continue to follow their approach *as guidelines*, with appellate review to determine whether that task has been carried out reasonably. No primary conduct has been made lawful, and none of the many factors that affect sentences under the

3

Sentencing Guidelines has been declared invalid. Consequently, *Booker*, like *Apprendi* and *Ring*, must be treated as a procedural decision for purposes of retroactivity analysis.

    * * * The Court held in *DeStefano v. Woods*, 392 U.S. 631, and reiterated in *Summerlin*, that the choice between judges and juries as factfinders does not make such a fundamental difference; to the contrary, the Court stated in *Summerlin*, it is not clear which is more accurate. ___ U.S. at ___, 124 S. Ct. at 2525. What is more, *Booker* does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of *Booker* held that decisions about sentencing facts will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a "watershed" change that fundamentally improves the accuracy of the criminal process. *See also Curtis*, 294 F.3d at 843-44.

    We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004, came down, is the appropriate dividing line.

In Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005), the Second Circuit held that "neither Booker nor Blakely appl[ies] retroactively to [a] collateral challenge." In Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005), the Eleventh Circuit held "that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to a § 2255 on collateral review." In Humphress v. United States, 398 F.3d 855, 863 (6th Cir. 2005), pet. for cert.

4

filed, No. 05-5130, the Sixth Circuit ruled that:

> We see no basis for concluding that the judicial factfinding addressed in *Booker* is either less accurate or creates a greater risk of punishing conduct the law does not reach than did the judicial factfinding addressed in *Ring*. The Supreme Court has never held that a new rule of criminal procedure falls within *Teague*'s second exception. *Beard [v. Banks]*, 124 S. Ct. [2504], 2513-14 [(2004)]. We hold that *Booker*'s rule does not either.

In United States v. Price, 400 F.3d 844, 848 (10th Cir. 2005), pet. for cert. filed, No. 04-10694, the Tenth Circuit held that Blakely was a new rule of criminal procedure that was not subject to retroactive application on collateral review. In Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005), the Third Circuit held that "Booker announced a rule that is 'new' and 'procedural,' but not 'watershed;'" thus it does not apply retroactively to § 2255 motions filed in cases which were final as of January 12, 2005. In Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005), the Ninth Circuit held that Blakely did not announce a watershed rule of criminal procedure, and quoted approvingly from Price.

Based on McReynolds, Green, Varela, Humphress, Price, Rucker, Lloyd, and Schardt, the undersigned proposes that if the presiding District Judge **FINDS** that Movant should not be re-sentenced, then his conviction was final before Blakely and Booker were decided, and neither Blakely nor Booker applies retroactively on collateral review.

Accordingly, it is respectfully **RECOMMENDED** that the presiding

District Judge **DECIDE** whether to adopt the April 2, 2004 Proposed Findings and Recommendation, to which the United States did not object and, based on that decision, either **GRANT** or **DENY** Movant's Motion to Amend and Update.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such

objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, James Alfred King, III, and to counsel of record.

| | |
|---|---|
| August 24, 2005 | *Mary E. Stanley* |
| Date | Mary E. Stanley |
| | United States Magistrate Judge |