UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


JAMES ALFRED KING, III,

     Movant


v.                                CIVIL ACTION NO. 2:03-0473
                                (Criminal No. 2:02-0041-01)

UNITED STATES OF AMERICA,

     Respondent


## MEMORANDUM OPINION AND ORDER

     Pending is the motion of the movant, James Alfred King, III, pursuant to 28 U.S.C. § 2255. The motion was originally filed on May 27, 2003, refiled on August 25, 2003, and supplemented by a further filing on November 3, 2003. Movant bases his request for relief on ineffective assistance of counsel. Magistrate Judge Mary E. Stanley filed Proposed Findings and Recommendation, hereinafter designated I, on April 2, 2004, recommending denial save for the court's further consideration as to whether movant's federal sentence should run concurrently to an undischarged state sentence rather than, as ordered by the court, consecutively. The defendant has filed an objection to I that is fully set out below.

On September 20, 2004, movant filed his motion to amend by adding a <u>Blakely</u> claim with respect to the enhancement in his sentence arising from a finding of reckless endangerment during flight in that the finding was made by the court rather than a jury. The magistrate judge filed Proposed Findings and Recommendation, hereinafter designated II, on August 25, 2005, recommending denial unless the court grants resentencing relief under I above. No objections have been filed to II.

The movant seeks to vacate, set aside, or correct the sentence of 84 months of imprisonment imposed by judgment order entered August 14, 2002, after his entry of a plea of guilty to Counts One and Three of a three-count indictment and a one-count information for the offenses, respectively, of credit card fraud, witness tampering, and possession of a stolen firearm in violation, respectively, of 18 U.S.C. §§ 2(b) and 1029(a)(2), 1512(b)(3), and 922(i) and 924(a)(2). Movant's term of imprisonment is to be followed by a three-year period of supervised release. The court ordered that the "term of 84 months is imposed as to each of Counts One, Three and the one-count information to run concurrently for a total term of 84 months. The 84-month imprisonment term is to run consecutively to the undischarged state sentence the defendant received for a

2

parole violation."   (August 14, 2002, Judgment.)   Defendant did
not take direct appeal.

I.

In her Proposed Findings and Recommendation I, the
magistrate judge found that the district court "was given
erroneous information concerning the [d]efendant's violations of
[s]tate parole" at movant's sentencing hearing and, relying on
that information, the court determined that the federal sentence
should run consecutively to the state sentence because the
revocation of movant's state parole was based on matter other
than the three federal offenses for which he was being sentenced.
(PFR I at 8-9.)   Indeed, the court did state at sentencing its
understanding that the state parole revocation was based on the
defendant having absconded.   In point of fact, revocation of
state parole was grounded on five separate charges, consisting of
movant's having absconded supervision; possessed a .22 caliber
Beretta[1] semi-automatic pistol; failed to submit a monthly

---

[1]   It is noted that the weapon was misdescribed in the
order of revocation as a Browning rather than a Beretta.   The
government filed, in response to the magistrate judge's February
9, 2004, order expanding the record, the affidavits of West
Virginia Department of Corrections officer Christopher D. Webb
and Kanawha County (West Virginia) Sheriff's Department detective

3

report; failed to report to the parole office on an appointed day; and failed to pay monthly supervision fees for two consecutive months (PFR I at 6-7; February 13, 2002, Order of Revocation of Parole.)

Defendant pled guilty to the one-count information charging possession of a stolen .22 caliber Beretta Model 21-A pistol.  (PFR I at 7.)  As already noted, it is conceded that the pistol described in the information is the same pistol upon the possession of which the parole revocation was partially based. (See fn. 1.)  The magistrate judge recommended that the court "consider the new information concerning [d]efendant's parole revocation and the factual overlap with [d]efendant's offense of conviction, and determine whether defense counsel's failure to verify and challenge the information in the presentence report could have resulted in a different sentence  . . ."  (PFR I at 18.)

The court concludes that a different sentence would not for that reason have resulted.  Defendant's parole violation was partially based on possession of a .22 caliber Beretta pistol.

Brian Stover.  The government concedes that these affidavits "establish that defendant's federal offense and state probation violation did, in fact, involve the same weapon."  (March 1, 2004, Resp. by United States.)

4

He pled guilty, however, not to mere possession but to the federal offense of possession of a <u>stolen</u> .22 caliber Beretta pistol. In addition, the defendant pled guilty to the federal offenses of credit card fraud and witness tampering. Inasmuch as the several offenses for which the court was sentencing the defendant were quite different from the parole violations that resulted in the revocation of his parole, his federal sentence was appropriately established to run consecutively to his state sentence in order to achieve a reasonable punishment for the federal offenses.

II.

The movant's claim, based on ineffective assistance of counsel, is otherwise premised on counsel's failure to adequately defend against and object to the following three enhancements of his sentencing guidelines range set forth in the presentence report and adopted by the court:

1. Treating movant's prior breaking and entering conviction as a crime of violence even though not shown to have been burglary of a dwelling under U.S.S.G. § 4B1.2(a);

2. Finding reckless endangerment during flight from law enforcement officers; and

5

3.  Finding movant in Criminal History
    Category VI rather than V.

Inasmuch as movant provides no basis whatsoever for his claim that he belonged in Criminal History Category Category V rather than VI, his contentions in that respect will be disregarded.  Somewhat similarly, there was ample evidence that movant engaged in reckless endangerment during flight and it is understandable that movant's counsel chose not to dispute the facts of the flight.  Both of these contentions, grounded on a claim of ineffective assistance of counsel, were rejected by the magistrate judge and are dismissed by the court as well.

III.

Movant's objection to the magistrate judge's Proposed Findings and Recommendation I is quoted, in its entirety, as follows, relating as it does solely to the movant's claim that he had no conviction for a prior crime of violence:

_____Proposed Findings and Recommendation

On page (14-15) Part 2 Failure to Review discovery material;

A. Crime of violence is defined at USSG 4B1.2(A) clearly states burglary of a dwelling

6

B.  Black's Law Dictionary -- 6th Edition --
list the definition of a dwelling:

> Dwelling -- The house or other structure
> in which a person or person's live; a
> residence; abode; habitation.

Under statute prohibiting breaking and
entering a "dwelling" the test for
determining if a building is such a house is
whether it is used regularly as a place to
sleep.  <u>Wallace v. State</u>, 63 Md. App. 399,
492, A.2d 970, 973.

On page (15-16) of the proposed findings and
recommendation <u>B. Nature of Convictions</u> it is
said that the Guidelines do not differentiate
between a breaking and entering of a business
or a residence, the movant believes that in
USSG 4B1.2(A) when it defines a crime of
violence of being a burglary of a dwelling
then it is separating the two because a
business is not considered a dwelling because
nobody nobody (sic) lives there.

Therefor the movant believes he was denied
effective assistance of counsel in this
regard, the movant truly believes that if
said attorney Donald Stennett would have went
through the discovery and PSR with movant,
and argued on movant's behalf that he would
not have been labeled a violent offender and
his Guidelines would not have started at a
level 20.

(Obj. at 1-2.)  Movant previously argued in reply to the United

States' response to his section 2255 motion that defense counsel

failed to explore this issue as set forth in the presentence

investigation report prior to sentencing.  The court understands

movant's objection as being designed to reiterate his claim of

7

ineffective assistance of counsel inasmuch as he has argued that his counsel failed to alert the court that none of movant's prior convictions constituted a crime of violence as that term is defined in the guidelines.  (Mov. Reply at 2.)  The United States filed no response to the objection.

According to the presentence investigation report ("PSR"), movant's criminal history includes a "Breaking and Entering" for which the movant was sentenced in a West Virginia state court on July 13, 1998, to a term of one to ten years. (PSR at 10.)  The report does not provide any other information about the nature of that charge.  It was nevertheless treated in the report and by the court without objection as a "crime of violence" as defined by U.S.S.G. § 4B1.2(a), of the 2001 guidelines which are applicable in this case, reading as follows:

> (a)  The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --
>
>   (1)  has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
>   (2)  is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

8

U.S.S.G. § 4B1.2(a).  Implicit in movant's objections is his
contention, as acknowledged by the magistrate judge in her
Proposed Findings and Recommendation I, that the breaking and
entering listed in the PSR was of a business and not burglary of
a dwelling.  Because movant was deemed in the PSR and at
sentencing to have committed burglary of a dwelling, he was
assigned a base offense level of 20 pursuant to U.S.S.G. §
2K2.1(a)(4)(A) for his offense under the single-count information
related to possession of a stolen firearm.[2]  It is noted that the
stolen firearm charge was grouped with the Count Three witness
tampering offense because the witness tampering was treated as an
obstruction of justice adjustment to the stolen firearm charge
under § 3D1.2(c).  (PSR at 10.)

        However, the United States Court of Appeals for the
Fourth Circuit has instructed that where, as here, the record
does not reflect that a prior breaking and entering conviction
involved a dwelling, the court is not justified in relying on
that conviction as a crime of violence for the purpose of

---

        [2]    The pertinent guideline reads as follows: "Base Offense
Level . . . 20, if (A) the defendant committed any part of the
instant offense subsequent to sustaining one felony conviction of
either a crime of violence or a controlled substance offense
. . . ."  U.S.S.G. § 2K2.1(a)(4)(A).  The Application Notes
provide that "crime of violence" has the meaning given that term
in U.S.S.G. § 4B1.2(a).

categorizing a defendant as a career offender. <u>United States v.</u>
<u>Harrison</u>, 58 F.3d 115, 119 (4th Cir. 1995). This rationale
would, it seems, apply with equal force in determining
defendant's base offense level here. As in <u>Harrison</u>, the
presentence report does not specify whether the conviction
involved a dwelling or, as the defendant contends, a commercial
structure. There being no indication in the record that
defendant's breaking and entering charge constituted burglary of
a dwelling, the court was "not at liberty" to assign a base
offense level of 20 on that ground. See <u>Harrison</u>, 58 F.3d at
119. Rather, the base offense level would have been 14 pursuant
to U.S.S.G. § 2K2.1(a)(6) inasmuch as defendant was a "prohibited
person" in that he was barred from possession of a firearm by
virtue of his prior felony conviction.

Based on the standard set forth in <u>Strickland v.</u>
<u>Washington</u>, 466 U.S. 668 (1984), it appears that defense counsel
was ineffective in failing to challenge the base offense level
calculation. To be judged ineffective, <u>Strickland</u> requires that:
(1) counsel's performance must have fallen "below an objective
standard of reasonableness," and (2) the "deficient performance"
must have "prejudiced the defense." <u>Id.</u> at 687-88. Counsel's
performance was objectively unreasonable in light of his failure

10

to bring the issue before the court.  Defendant would be
prejudiced by the mistaken inclusion of a crime of violence
inasmuch as he otherwise would have been assigned a base offense
level of 14 rather than 20 for the grouped offenses.

Starting with a base offense level of 20, his sentence
was based on a calculated combined adjusted offense level of 24,
less a three-point adjustment for acceptance of responsibility,
resulting in a total offense level of 21 which, when coupled with
his Criminal History VI, yielded a guideline range of 77 to 96
months and resulted in his sentence of 84 months.  A base offense
level, instead, of 14 plus two levels each for stolen weapon,
reckless endangerment and obstruction of justice plus one unit or
level for multiple count adjustment would aggregate 21, less
three levels for acceptance of responsibility, for a total
offense level of 18.  With a Criminal History VI, the guideline
range would in such case be 57 to 71 months.

IV.


In her Proposed Findings and Recommendation II, the
magistrate judge finds that, unless the court determines that
movant should be resentenced, defendant's conviction was final as

11

of approximately August 24, 2002, and he is not entitled to relief with respect to the reckless endangerment enhancement under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) and <u>United States v. Booker</u>, 125 S.Ct. 738 (2005).  (PFR at 2, 5.)  Because resentencing is to be conducted with respect to the revision of the applicable range of the now advisory guidelines, the reckless endangerment issue may be further considered at that time.

V.

Based upon the foregoing, the court ORDERS that the movant's section 2255 motion be, and it hereby is, granted insofar as he seeks the vacatur of his sentence.  It is further ORDERED that the sentence imposed upon the movant be, and it hereby is, vacated.  The movant will remain in the custody of the Bureau of Prisons pending further proceedings and resentencing.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

ENTER: June 30, 2006

John T. Copenhaver, Jr.
United States District Judge

12